CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 20 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal Action No. 7:07CR00009 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DANIEL LIPTAK, ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendant. ) | |

This case is presently before the court on the petition on probation and supervised release filed by the defendant's probation officer, in which she recommends that the following special condition be added to the defendant's terms of supervised release: "The defendant shall participate in a sex offender assessment. Based on the results of the assessment and if deemed necessary, the defendant shall participate in sex offender treatment and/or mental health treatment, as directed by the United States Probation Officer." For the reasons stated, the court will adopt the probation officer's recommendation and modify the terms of the defendant's supervised release to include this additional condition.

## Background

On May 18, 2005, the defendant was convicted in the United States District Court for the District of Columbia of knowingly possessing ten or more items of child pornography on government property, in violation of 18 U.S.C. § 2252A. The defendant was sentenced to a total term of imprisonment of 33 months, followed by a three-year term of supervised release.[*]

---

[*] The defendant's original terms of supervised release include the following special conditions: (1) the defendant shall submit to the collection of a DNA sample; (2) the defendant shall participate in an alcohol aftercare treatment program; (3) the defendant shall submit to periodic unannounced examinations of his computer by his probation officer, and allow the installation of hardware or software systems to monitor his computer use; (4) the defendant shall provide certain financial information, including income tax returns; (5) the defendant shall not possess or use a computer that has access to any online computer service, at any location, without the written approval of the Probation Office; (6) the

Upon his release from custody in July of 2006, the defendant moved to Roanoke, Virginia to live near his family. On October 4, 2006, an order was entered transferring jurisdiction of the defendant's case to the Western District of Virginia.

On February 21, 2007, the defendant's probation officer filed a petition on probation and supervised release. In the petition, the probation officer explains that the defendant's conviction arose from an investigation which revealed that the defendant used government owned desktop and laptop computers to obtain and store images of prepubescent children and minors under twelve years of age, while he was employed as a computer technician by the Office of the Sergeant of Arms of the United States Senate. The probation officer states that the defendant's original supervised release conditions do not specify that he is to participate in a sex offender assessment, sex offender treatment, or mental health treatment, and that she believes such conditions are necessary and appropriate, given the nature of the defendant's offense. The probation officer indicates that the defendant opposes the recommended modification.

On June 11, 2007, the court held a hearing to determine whether the modification recommended by the probation officer would be appropriate. During the hearing, the probation officer testified that the proposed modification requiring a sex offender assessment and possible treatment are generally included in the judgment order in every case in the Western District of Virginia involving the type of offense at issue. The probation officer also testified that advancements have been made in recent years in assessing an individual's risk of recidivism. Additionally, the probation officer testified that the defendant had requested permission to use

---

defendant shall comply with the sex offender registration requirements for convicted sex offenders in any state or jurisdiction in which he resides, is employed, is a student, or carries on a vocation; (7) the defendant shall participate in and successfully complete a substance abuse treatment program.

2

the Internet for employment purposes, and that the results of a sex offender assessment would assist her in deciding whether to approve the defendant's request. While neither the court nor the probation officer is currently required to approve any contact with children, the probation officer testified that the defendant has regular contact with younger family members, and that he has expressed a desire to spend more time with his family.

## Discussion

Pursuant to 18 U.S.C. § 3583(e), district courts "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). In modifying such conditions, courts are advised to consider the same factors that govern a defendant's original sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); and the need for the sentence imposed "to afford adequate deterrence," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," § 3553(a)(2)(B), (C), and (D). Courts have held that § 3583(e) allows for the modification of a defendant's conditions of supervised release "to account for new or unforeseen circumstances." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); see also United States v. Smith, 445 F.3d 713, 717 (3d Cir. 2006); United States v. Granger, 117 Fed. Appx. 247, 249 (4th Cir. 2004); United States v. McMahon, 2000 U.S. App. LEXIS 18182, *11 (4th Cir. Jul. 28, 2000).

Having considered the petition filed by the probation officer and the testimony presented at the hearing, the court agrees with the probation officer that the defendant's conditions of supervised release should be modified to include an additional condition requiring the defendant

3

to participate in a sex offender assessment, as well as sex offender and/or mental health treatment, if deemed necessary. As the court explained during the hearing, changes in the defendant's circumstances, including his desire to spend time with family members, his desire to have access to the Internet for employment purposes, and the advancements that have been made in recent years in assessing an individual's risk of recidivism, support the need for this type of assessment. The results of the assessment will enable the probation officer to provide appropriate supervision and determine whether the defendant should be permitted to have limited access to the Internet.

## Conclusion

For the reasons stated, the court will grant the petition on probation and supervised release filed by the defendant's probation officer. The defendant's terms of supervised release shall be modified to include the following special condition: "The defendant shall participate in a sex offender assessment. Based on the results of the assessment and if deemed necessary, the defendant shall participate in sex offender treatment and/or mental health treatment, as directed by the United States Probation Officer."

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to United States Probation Officer Jennifer K. Williams and all counsel of record.

ENTER: This 20th day of June, 2007.

/s/ Jack Conrad
United States District Judge